**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**At Charleston**

WEST VIRGINIA LABORERS' PENSION TRUST FUND;
WEST VIRGINIA LABORERS' TRUST FUND; WEST
VIRGINIA LABORERS' PROFIT SHARING PLAN TRUST FUND;
WEST VIRGINIA LABORERS' TRAINING TRUST FUND;
WEST VIRGINIA LABORERS' EMPLOYERS
COOPERATION AND EDUCATION TRUST;
WEST VIRGINIA LABORERS' ORGANIZING FUND;
WEST VIRGINIA LABORERS' LOCAL NO. 543;
WEST VIRGINIA LABORERS' POLITICAL LEAGUE; and
WEST VIRGINIA LABORERS' DISTRICT COUNCIL-POLITICAL
ACTION COMMITTEE,

        Plaintiffs,

v.                                    CIVIL ACTION NO.
                                        Judge:

LARSON CONTRACTING, INC.; and,
JOHN LARSON, Individually

        Defendants.

## COMPLAINT FOR MONETARY DAMAGES AND EQUITABLE RELIEF

Your Plaintiffs respectfully complain and say unto the Court as follows:

1.      Jurisdiction of the Court is invoked under the provisions of Section 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act (MPPAA), 29 U.S.C. §§1132(g) and 1145, and under Section 301 of the Labor Management Relations Act of 1974, (LMRA), 29 U.S.C. § 185.

2.      Plaintiffs, West Virginia Laborers' Pension Trust Fund ("Laborers' Pension Fund"), West Virginia Laborers' Trust Fund ("Laborers' Health and Welfare Fund"),

West Virginia Laborers' Profit Sharing Plan Trust Fund ("Laborers' Profit Sharing Fund") and, West Virginia Laborers' Training Trust Fund ("Laborers' Training Fund") are non-profit organizations operated for the purpose of providing pension, health and welfare, profit sharing, and training benefits to participating members, and each constitute an "Employee Benefit Plan "as defined by ERISA.  Plaintiffs' Laborers' Pension Fund, Laborers' Health and Welfare Fund, and Laborers' Profit Sharing Fund offices are located in Charleston, West Virginia.

3.      Plaintiff West Virginia Laborers' Local No. 543 ("Local 543") is designated to receive employee dues withheld by the defendants from the paychecks of participating employees/union members; is affiliated with the Laborers' International Union of North America, and comprises a labor organization representing employees for collective bargaining purposes; and is a "Union" as defined by LMRA.  Local 543 is located in Huntington, West Virginia.

4.      Plaintiffs' West Virginia Laborers' Employers Cooperation and Education Trust ("LECET"), West Virginia Laborers Organizing Fund ("Organizing Fund"), West Virginia Laborers Political League ("Political League") and West Virginia Laborers' District Council Political Action Committee ("WVLDC-PAC") are non-profit employee funds designated to receive employer contributions and/or employee deductions from the Defendants.

5.       Based upon information and belief, Defendant Larson Contracting, Inc. is a Pennsylvania Corporation with its main office located in Latrobe, Pennsylvania and at all times pertinent hereto, was actively engaged in the construction business in the State of West Virginia.

6.      Based upon information and belief, Defendant John Larson is a citizen and resident of Pennsylvania and is the primary owner of Larson Contracting, Inc., whose office is located in Latrobe Pennsylvania and at all times pertinent hereto, was actively engaged in the construction business in the State of West Virginia.

7.      Based upon information and belief, Defendant Larson Contracting, Inc. is a Pennsylvania Corporation, whose main office is located in Ligonier, Pennsylvania and at all times pertinent hereto, was actively engaged in the construction business in the State of West Virginia.

8.      Based upon information and belief each defendant is the "alter ego" of the other defendant.  Each defendant is an "employer" pursuant to ERISA.


**COUNT ONE**

9.      At all times material hereto, Defendants were bound to the terms and conditions of successive collective bargaining agreements (referred to herein as the AGREEMENTS) between the Constructors Labor Council, Inc. and the Laborers' District Council, known as the Heavy Highway Agreement and/or the Laborers' District Council, Charleston, West Virginia, and Tri-State Contractors Association, known as the Building Trades Agreement.

10.     Pursuant to the respective AGREEMENTS, the Defendants are obligated to report and pay to Plaintiffs certain hourly contributions on behalf of employees who are covered by the AGREEMENTS.  Since entering into the respective AGREEMENTS, the Defendants have failed to timely meet this obligation and have committed a breach of contract.

11.     Pursuant to the respective AGREEMENTS, the Defendants are obligated to report, withhold and pay to Plaintiffs certain deductions from employees who are covered by the AGREEMENTS.  Since entering into the respective AGREEMENTS, the Defendants have failed to timely meet this obligation and have committed a breach of contract.

12.     Each of the Plaintiffs have been authorized or are otherwise entitled to receive all contributions and/or deductions required to be paid by Defendants pursuant to the respective AGREEMENTS and/or the actions taken by the Defendants that obligate the Defendants to pay contributions and/or withhold deductions.

13.     Based upon information and belief, the Plaintiffs allege that Defendants have not reported accurately and have not paid the full amounts Defendants are obligated to contribute and/or withhold pursuant to the respective AGREEMENTS, and have committed a breach of contract.

## COUNT TWO

14.      Plaintiffs allege the same allegations here as set forth in paragraphs 1 through 13 above, as if written here again verbatim.

15.     Pursuant to the AGREEMENTS as of the date of filing the instant complaint, Defendants owed Plaintiffs a total liability in an amount not yet determined, but not less than $19,263.24, exclusive of interest and liquidated damages. Defendants have failed to respond to efforts to recover this liability.

16.     The Boards of Trustees of the Laborers' Pension Fund, Laborers' Trust Fund, Laborers' Profit Sharing Fund, and Laborers' Training Fund, have previously

–4–

established interest rates for delinquent contributions and have established liquidated damages when the same are not paid in a timely manner.

17.     Unless the Defendants are required to accurately complete and file all necessary reports and pay all contributions due and owing, Plaintiffs will suffer irreparable harm for which there is no adequate remedy at law.

## COUNT THREE

18.     Plaintiffs allege the same allegations here as set forth in paragraphs 1 through 17 above, as if written here again verbatim.

19.     Pursuant to ERISA and MPPAA, Defendants are responsible for reasonable attorney fees and the costs incurred in this action together with the cost of any audits performed to determine liability.

20.     A copy of this Complaint will be served upon the Secretary of Labor and Secretary of Treasury as required by ERISA, 29 U.S.C. §1132(h).

## <u>PRAYER</u>

**WHEREFORE**, Plaintiffs pray this Court will, under 29 U.S.C. § 1132(g) (2):

1.      Award judgment to the Plaintiffs against the Defendants for the breach of contract in an amount to be later determined, together with interest accruing and liquidated damages as well as the cost of any audits performed by the respective Plaintiffs;

2.      Require Defendants to pay the cost of this proceeding, together with reasonable attorney fees necessary for the prosecuting thereof;

3.      Restrain and enjoin Defendants, their officers, agents, servants and all persons acting on their behalf or in conjunction with them from further work until the delinquent amounts are paid in full or a bond is posted in the amount of the delinquent contributions and penalties;

4.      Restrain and enjoin Defendants, their officers, agents, servants, attorneys and all persons acting on their behalf or in conjunction with them from accurately completing, refusing, or failing to file accurate, complete and timely remittance reports and to timely pay all amounts due and owing to Plaintiffs for so long hereafter as Defendants are contractually required to do so; and

5.      Award Plaintiffs such other and further relief against Defendants as the Court may seem meet and proper.

> WEST VIRGINIA LABORERS' PENSION TRUST FUND;  WEST VIRGINIA LABORERS' TRUST FUND;  WEST VIRGINIA LABORERS' ANNUITY & SAVINGS FUND;  WEST VIRGINIA LABORERS' TRAINING TRUST FUND;  WEST VIRGINIA LABORERS' EMPLOYERS COOPERATION AND EDUCATION TRUST;  WEST VIRGINIA LABORERS' ORGANIZING FUND;  WEST VIRGINIA LABORERS' LOCAL NO., 543; WEST VIRGINIA LABORERS' POLITICAL LEAGUE; and WEST VIRGINIA LABORERS' DISTRICT COUNCIL-POLITICAL ACTION COMMITTEE
> Plaintiffs by Counsel:

__s/James P. McHugh_____
Roger D. Williams (W.Va. Bar No. 4052)
James P. McHugh (W.Va. Bar No. 6008)
Counsel for Plaintiffs

McHugh Williams pllc
One Union Square, Bldg 2, Suite 201
Charleston, WV 25302
(304) 720-2434
Fax (304) 720-2448
e-mail:  jpmchugh@wvdsl.net